CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Phyl Grace, Esq., SBN 171771
Christopher Seabock, SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br>     Plaintiff, <br><br>  v. <br><br> **Henry W Nunn**; **BNE, L.L.C.**, a California Limited Liability Company; and Does 1-10, <br><br>     Defendants | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence <br><br> **Demand For Jury** |

Plaintiff Scott Johnson complains of Defendants Henry W Nunn; BNE, L.L.C., a California Limited Liability Company, and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES**:

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walks and also significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendants are, or were at the time of the incident, the owners and

operators, lessors and/or lessees of the Golden State Collision center located at or about 11230 Trade Center Drive, Rancho Cordova, California ("Golden State").

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

7. Golden State is a business establishment and place of public accommodation.

8. Golden State is not accessible to wheelchair users.

9. First, although parking spaces are one of the privileges, advantages, facilities or accommodations offered to customers that patronize Golden State, there is not a single compliant accessible parking space for persons with disabilities. The two handicap parking spaces that exist have an access aisle that is not level with the parking stall because a built up curb ramp extends into the access aisle.

10. Second, the entrance door to the Golden State is not accessible to wheelchair users. The door entrance hardware is a "panel-type" handle that is not accessible because it requires the user to tightly grasp the handle to pull the door open.

11. The Plaintiff went to Golden State on or about May 17, 2013 to get a repair estimate. He was forced to park in a non-disabled parking space and leave his van and lift open. The Plaintiff has been has been deterred on two other occasions since May 17, 2013 from patronizing Golden State because of the violations.

12. In encountering and dealing with these violations, the plaintiff experienced difficulty and discomfort. These violations denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants.

13. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants

Complaint

<pre>
</pre>

intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

14. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

15. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).)

16. If a business provides between 1 and 25 parking spaces for its customers, it must ensure that at least one of them is a van accessible parking space, *i.e.*, compliant with the accessibility standards and containing an eight foot access aisle. See ADAAG § 4.1.2(5)(b). Additionally, a handicap parking space and its access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. *See* ADAAG 4.6.3.

17. Here, the failure to provide a compliant access aisle level with the adjacent parking stall is a violation of the ADA.

18. Additionally, door hardware must have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. ADAAG § 4.13.9. Here the failure to provide such door hardware is a violation of the ADA.

19. Given its location and options, Golden State is in a desirable location for the plaintiff and he will continue to patronize the business there and will

Complaint

continue to encounter the unlawful barriers and discriminatory conditions there so long as they remain.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

22. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.*, a civil penalty for each offense. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each

Complaint

responsible for statutory damages, i.e., a civil penalty for each offense. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

   **PRAYER**:

   Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

   1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

   2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000 for each offense. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: July 15, 2013                         CENTER FOR DISABILITY ACCESS

/s/ Raymond G. Ballister
By:_____
Raymond G. Ballister, Jr, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated July 15, 2013                          CENTER FOR DISABILITY ACCESS

/s/ Raymond G. Ballister
By:_____
Raymond G. Ballister, Jr, Esq.
Attorneys for Plaintiff

Complaint